UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT FRANKFORT
CIVIL CASE NO: 05-76-KKC

**RONALD LYNN HORN,**                                              **PETITIONER,**

**V.**

**TOM SIMPSON, Warden,**                                           **RESPONDENT.**

**REPORT & RECOMMENDATION**

Petitioner Ronald Lynn Horn, an inmate at the Kentucky States Penitentiary in Eddyville, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, the matter has been referred the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I. Preliminary Review**

Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides for preliminary review by the court prior to serving the respondent with a copy of the motion and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Preliminary review by this court mandates dismissal of the petition without requiring a formal response to be filed, because the petition is clearly time-barred.

**II. Applicable Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one-year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. §2244(d). The statute

generally begins to run from "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. §2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2). Although the statute of limitations is an affirmative defense, it is appropriate for trial courts to review the issue upon preliminary review. *Scott v. Collins,* 286 F.3d 923, 927-28 (6th Cir. 2002)(holding that district courts are permitted to raise the statutory bar upon initial review, prior to the filing of a response by the Respondent).

In this case, the petitioner challenges a December 18, 1995 judgment and conviction for rape and sodomy offenses; though more particularly, the revocation of his probation on that original conviction. Petitioner was sentenced to ten years of imprisonment for the 1995 charges and filed no direct appeal. However, he alleges that he was granted shock probation on April 8, 1996 and placed on probation for a five year period. Conditions of his probation required that he not reside in a home with a juvenile or be alone with juvenile females.

According to the petition, the Department of Correction sought revocation of his probation in March of 2001, prior to the expiration of the probationary period, based on two indictments in state court which each charged petitioner with two counts of sexual abuse in the first degree. The new indictments also alleged that he had been alone with juvenile females. The court scheduled a revocation hearing within the probationary period, for March 28, 2001, but petitioner moved to continue that hearing until an out-of-state witness could be compelled to testify in his defense. The court granted petitioner's request, and petitioner waived a requirement under state law which mandates that a

revocation hearing to be held prior to the expiration of the probationary period. The revocation hearing was thereafter rescheduled for May 10, 2001, which was following the April 8, 2001 expiration of the probationary period. On May 10, 2001, petitioner appeared and admitted to violating the terms of his probation. On May 11, 2001, the court entered an order revoking petitioner's probation. Again, petitioner filed no direct appeal of that order.

Petitioner took no action concerning the revocation of his probation from May 10, 2001 until October 28, 2003, when he filed a motion to vacate his ten year sentence pursuant to Ky CR 60.02, on grounds that the state court revoked his probation after the five year probationary period had expired in violation of state law. On November 7, 2003, the Henry Circuit Court denied petitioner's CR 60.02 motion finding that petitioner had waived his right to require that the hearing be conducted prior to the expiration of the probationary period. Finding petitioner's arguments to be frivolous, the state court also imposed a hundred dollar sanction on petitioner. The Kentucky Court of Appeals affirmed the trial court's decision, *see Horn v. Commonwealth,* 2005 WL 387951 (Ky. App. Feb. 18, 2005)(unpublished, text available on Westlaw). It is unclear, though ultimately irrelevant for purposes of this court's analysis, whether petitioner moved for discretionary review.

Petitioner could have filed a direct appeal of the revocation of his probation within thirty-days of the revocation on May 10, 2001. *See* Ky. RCr 12.04. Therefore, the revocation of petitioner's probation became "final" no later than June 9, 2001, for purposes of the one-year statute of limitations contained in §2244. *See Hunter v. Boone,* 13 Fed. Appx. 828 (10th Cir. 2001). The one-year federal limitations period began to run on June 10, 2001 and expired on June 9, 2002. Although a properly filed post-conviction motion filed in state court can serve to toll the statute of limitations in

3

some circumstances, *see* 28 U.S.C. §2244(d)(2), in this case the petitioner's post-conviction motion did not extend the federal statute because it was filed more than a year after the federal statute of limitations had expired.  Because the statute had already expired, there was no time left to toll by the filing of a state motion.

### III.  Conclusion and Recommendation

As the petition is clearly time-barred, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus [DE #1] be **denied** and that this case be dismissed without the necessity of requiring the Respondent to file a written response.

**OBJECTIONS** to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985).  Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).  A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.  Rule Fed. R. Civ. P. 72(b).

This 14th  day of November, 2005.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge